## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRO DE PERIODISMO INVESTIGATIVO,<br>Oficina #306, Facultad de Derecho<br>Universidad Interamericana de Puerto Rico<br>Calle Federico Costa #170 Hato Rey<br>San Juan, P.R. 00918-1303<br><br>LATINOJUSTICE PRLDEF<br>475 Riverside Drive<br>19th floor<br>New York, NY 10115<br><br>and<br><br>CENTER FOR CONSTITUTIONAL RIGHTS<br>666 Broadway<br>7th floor<br>New York, NY 10012<br><br>               *Plaintiffs*,<br><br>        vs.<br><br>DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Ave., N.W.<br>Washington, D.C. 20220,<br><br>              *Defendant*. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      Plaintiffs Centro de Periodismo Investigativo ("CPI"), LatinoJustice PRLDEF ("LatinoJustice") and the Center for Constitutional Rights ("CCR") bring this action against Defendant United States Department of Treasury ("Treasury") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

1

2.     On January 27, 2017, Plaintiffs submitted a FOIA request to Treasury requesting, among other things, various records relating to the establishment, composition, appointment process and functioning of the federal fiscal control (or oversight) board that was authorized under the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C.A. § 2121.

3.     Treasury has failed to meet its statutory obligation to respond to Plaintiffs' FOIA request.  Plaintiffs therefore respectfully request that the Court compel Defendant to comply with the FOIA.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

6.     Plaintiff CPI is a not for profit media entity incorporated under the laws of Puerto Rico and based in San Juan, Puerto Rico.  CPI, the leading independent investigative journalism organization in Puerto Rico, works to promote access to information for the people of Puerto Rico through three channels: investigative journalism, litigation and journalistic training.

7.     Plaintiff LatinoJustice is a not for profit legal organization incorporated under the laws of New York and headquartered in New York, New York.  LatinoJustice uses the power of the law together with advocacy and education to champion an equitable society, and to promote and protect opportunities for all Latinos to succeed in school and work, fulfill their dreams, and sustain their families and communities. Along with the legal community in Puerto Rico,

LatinoJustice has assisted in legal and advocacy efforts to promote transparency, accountability and government responsibility both prior and subsequent to the passage of PROMESA.

8.      Plaintiff CCR is a non-profit, public interest, legal, and public education organization that engages in litigation, public advocacy, and the production of publications in the fields of civil and international human rights. CCR's diverse dockets include litigation and advocacy around policing, corporate abuse, and racial and ethnic profiling.

9.      Defendant Treasury is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  Treasury has possession, custody, and control of records to which Plaintiffs seek access.

## FACTUAL ALLEGATIONS

10.      On June 30, 2016, Congress passed the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C.A. § 2121.

11. PROMESA establishes the creation of a federal control board, referred to in the statute as a federal oversight board (hereinafter referred to as the "board" or "federal fiscal oversight board"), composed of seven members with experience in the requisite financial, management and legal areas listed in the statute.

12. The board exercises significant control over policy-making decisions in Puerto Rico by the elected government, including budgetary and financial policies and the creation of a fiscal plan.  The board has the authority to veto decisions by the local government if it finds them to in violation of the established fiscal plan.

13. The statute specifies how members are to be appointed to the board, namely:

      a.   The President shall appoint the individual members of the Oversight Board, of which—

      i.   the Category A member should be selected from a list of individuals submitted by the Speaker of the House of Representatives;

     ii.   the Category B member should be selected from a separate, non-overlapping list of individuals submitted by the Speaker of the House of Representatives;

   iii.   the Category C members should be selected from a list submitted by the Majority Leader of the Senate;

   iv.   the Category D member should be selected from a list submitted by the Minority Leader of the House of Representatives;

     v.   the Category E member should be selected from a list submitted by the Minority Leader of the Senate; and

   vi.   the Category F member may be selected in the President's sole discretion.

14. Under Categories A and B, upon information and belief, then House of Representatives Speaker Paul Ryan submitted the nominations of board members Carlos Garcia and José Carrión, III, among others to President Obama.  Mr. Garcia and Mr. Carrión were appointed to the board by President Obama on August 31, 2016.

15. Under Category C, upon information and belief, Senate Majority Leader Mitch McConnell submitted the nominations of board members David Skeel and Andrew Biggs, among others, to the President. Mr. Skeel and Mr. Biggs were appointed to the board by President Obama on August 31, 2016.

16. Under Category D, upon information and belief, then House Minority Leader Nancy

Pelosi submitted the nomination of board member Ana Montesantos to President Obama. Ms.

Montesantos was appointed to the board by President Obama on August 31, 2016.

17. Under Category E, upon information and belief, then Senate Minority Leader Harry

Reid submitted the nomination of board member Arthur González to President Obama. Mr.

González was appointed to the board by President Obama on August 31, 2016.

18. Under Category F, President Obama appointed board member José Ramon González.

Mr. González was appointed to the board by President Obama on August 31, 2016.

<u>Plaintiffs' FOIA Request</u>

19.     Plaintiffs submitted the following request for records to Treasury pursuant to the

FOIA on January 27, 2017, via email:

1)  Records indicating the criteria that were used to evaluate and select the candidates
    for the Board and how these criteria were determined to be the most useful for the
    skills needed in carrying out the functions of the Board;

2)  Records indicating the weight given to each criterion in evaluating each
    candidate's nomination for the Board;

3)  Records indicating which agencies, entities or personnel were involved in
    determining the criteria for evaluating candidates for the Board;

4)  Records submitted by each candidate for consideration in their appointment, upon
    or after their appointment, including financial disclosures and documents, conflict
    of interest forms or information, personal and professional background, interest
    statement, who they were recommended by and their professional qualifications;

5)  Records indicating how each candidate was evaluated with respect to the criteria
    and results of their evaluations;

6)  Records indicating which agencies, entities or personnel were involved in the
    process of evaluating all nominations for candidates for the Board, and what their
    respective roles were;

7)  Records indicating the process for establishing what the conflict of interest policy
    would consist of for potential Board members;

8)  Records indicating the process for determining conflicts of interest of prospective Board members and which agencies, entities or personnel were involved in evaluating whether any conflicts of interest existed;

9)  Records indicating whether any conflicts of interest for candidates for the Board were determined, and if so, what they consisted of and how they were addressed;

10) Records indicating what information was examined with respect to the professional and personal backgrounds of candidates for the Board, and by whom;

11) Records indicating the considerations, if any, of the relationship, knowledge of, or residency in Puerto Rico for candidates for the Board;

12) Records concerning and/or reflecting any communications, inquiries or requests for information, documents, reports, or data from any member of the Board and/or their staff to any agency of the federal government or official of such agency;

13) Records concerning and/or reflecting any communications, inquiries or requests for information, documents, reports, or data from staff of any agency of the federal government or official of such agency to any member of the Board and/or their staff;

14) Communications, reports, updates or information provided by any member of the Board and/or their staff to the Treasury Department, an official in the Treasury Department, or any other agency or official of the federal government concerning the status of the Board's work;

15) Communications, reports, updates or information provided by any staff member of the Treasury Department, an official in the Treasury Department, or any other agency or official of the federal government to any member of the Board and/or their staff concerning the status of the Board's work.

20. Treasury's determination regarding the Request was due by February 27, 2017.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

<u>Overview of Timeline and Treasury's Lack of Response</u>

21. On January 27, 2017, Plaintiffs filed a request under the Freedom of Information Act ("FOIA") pursuant to 5 U.S.C.A. § 552 to the Department of Treasury ("Treasury" or "Defendant").  See Ex. A.

22. On February 9, 2017, Katelyn DeLucca, a Government Information Specialist at

Treasury sent a standard cknowledgement of having received the FOIA request.  See Ex. B.

23. On March 22, 2017, Cawana Pearson, the FOIA Case Manager, FOIA and Transparency at Treasury sent another letter acknowledging the request and denying Plaintiffs' request for expedited processing.  The letter notified Plaintiffs that Treasury had begun to undergo a search for responsive records but noted that an additional processing extension of ten (10) days would be needed.  See Ex. C.

24. On March 29, 2017, Plaintiffs had a phone call with Steven Laughten at Treasury to discuss the scope of the search terms.  During that conversation, Treasury proposed narrowing the FOIA request to a search of correspondence between Treasury employees and the current members of the board, which Plaintiffs indicated they were amenable to, provided such an initial search would not result in a narrowing of the overall request but rather an initial production of responsive documents.  See Ex. D.

25. Treasury's response was due April 5, 2017 pursuant to their March 22, 2017 letter, per statutory compliance.  Plaintiffs contacted Treasury again on April 14, 2017, to follow up on production.  Plaintiffs received no response. See Ex. E.

26. On May 5, 2017, Plaintiffs filed an administrative appeal challenging the denial of their request for expedited processing and for failure to respond to the substance of the request. See Ex. F.

27. On May 10, 2017, Treasury acknowledged receipt of the appeal. See Ex. G.

28. On July 31, 2017, Plaintiffs spoke with FOIA Officer Steven Jenkins at Treasury to discuss compliance and agreed upon an initial production schedule on a rolling basis. See Ex. H. Treasury agreed to continue reviewing documents and to produce them based on the following agreed upon timeline:

    a.   Provide an estimate of the amount of documents to be reviewed by August 7, 2017;

    b.   Provide a first release of responsive documents by August 14, 2017;

    c.   Provide an estimate date of completion for a complete review of all responsive information by August 31, 2017.

29. On August 16, 2017, Plaintiffs emailed Mr. Jenkins to ask about compliance with the agreed upon release of the first set of responsive documents by August 14, 2017, which was never received.  See Ex. I.

30. On August 23, 2017, Mr. Jenkins responded by saying:

> I have reviewed approximately 60% of the documents associated with this case.  While I did not meet the stated goal of providing an interim release of information to you by August 14, 2017, I will have reviewed all responsive documents provided with this case by August 31, 2017. Additionally, I am meeting with my boss this Friday, August 25, 2017 to discuss and review redactions made thus far to this case. At the conclusion of the meeting, I will contact you to provide the estimate of documents and pages to be released to you.

See Ex. J.

31. On August 25, 2017, Mr. Jenkins emailed Plaintiff LatinoJustice noting, "I have concluded my meeting regarding your FOIA Case, and received additional guidance from my boss to confer with an additional office.  This will be done with the expectation to have redacted documents for you no later than Friday, September 1, 2017.  If for some reason there is a change that could affect this production, I will let you know."  See Ex. K.  Plaintiffs followed up on August 28, 2017, asking if this response meant that all responsive documents would be provided. See Ex. L.

32. On September 11, 2017, Plaintiff LatinoJustice emailed Mr. Jenkins requesting

information on the status of production, given that no response to her prior email had been received and the initial and amended deadlines for production had passed.  See Ex. M.

33. On September 12, 2017, Mr. Jenkins responded that he no longer worked in the FOIA office responsible for processing Plaintiffs' request, and that a new FOIA Officer, Jackie Scott, would be responsible for following up.  See Ex. N.

34. On September 15, 2017, Plaintiffs' counsel wrote Ms. Scott asking when production could be expected given the agreed-upon timeline, yet received no response.  See Ex. O. Plaintiffs' counsel wrote Ms. Scott a second time on November 3, 2017—nearly ten months after filing their FOIA request—asking for a response. See Ex. P.

35. On November 6, 2017, Ms. Scott responded that her office was still reviewing documents for responsiveness and noted that the request was considered "complex," meaning Treasury's response time was approximately 208 days. See Ex. Q.

36. On March 15, 2018, Plaintiffs' counsel wrote Ms. Scott requesting a response to the original request to know when review would be completed and production would begin. At this point, over a year had passed since the FOIA request had been filed, far past the 208 days noted by Defendant that it takes to respond to complex requests.  It had also been over six months since Defendant notified Plaintiffs that their request would be immediately responded to based on a mutually agreed upon timeline for production of documents on a rolling production basis. See Ex. R.

37. On March 19, 2018, Ms. Scott responded and noted a capacity issue and challenges for the FOIA unit to timely respond to all requests. See Ex. S.

38. On June 6, 2018, Plaintiffs' counsel wrote Ms. Scott proposing a reinstatement of the

agreement reached previously with Defendant in 2017 to receive a rolling production based on the documents that were already identified as responsive and requesting a timeline for such production.  In addition, Plaintiffs' counsel requested confirmation as to whether there were any records included in their request that Defendant had determined were not in their possession. See Ex. T.  Ms. Scott responded the following day that she would address such request with the FOIA Director. See Ex. U.

39.  No further communication has been received from Defendant, nor has any document been produced since Plaintiffs filed their original request on January 27, 2017. Accordingly, as of the date of this Complaint, Treasury has failed to comply with the FOIA request or to produce any requested records whatsoever, or to demonstrate that they are lawfully exempt from production.  5 U.S.C. § 552(a)(6)(C).  Nor has Treasury notified Plaintiffs of the scope of any responsive records Treasury intends to produce or withhold and the reasons for any withholdings, despite Plaintiffs having agreed two years ago to an initial narrowing of search terms. On the contrary, Treasury initially notified Plaintiffs that they were intending to comply with the request, but then failed to produce any responsive records, in blatant violation of their statutory obligation. § 552(a)(6)(C)(i).

40. In as much as Treasury has failed to comply with the applicable time limit provision of the FOIA, even with the benefit of any extensions of time which Treasury might have claimed, Plaintiffs are "deemed to have exhausted [their] administrative remedies" as to their request at issue in this Complaint.  5 U.S.C.A. § 552(a)(6)(C)(i).

<u>The Need for the Requested Records</u>

41. As of the date of filing this Complaint, Defendant has not yet responded to Plaintiffs

to provide them with a further status update on the Request, nor has Defendant began producing responsive records to Plaintiffs.

42. On February 15, 2019, the Court of Appeals for the First Circuit held in *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838 (1st Cir. 2019), that the nominations process for the federal fiscal control board established by PROMESA violated the Appointments Clause of the U.S. Constitution and finding that the board's members are officers of the federal government, not an entity of the government of Puerto Rico. The Court's fashioned remedy was to give the President ninety days to either re-appoint or newly appoint members of the control board and to submit the nominations to the constitutionally required advice and consent process by the Senate. The board has since declared its intent to appeal the decision by seeking a writ of certiorari to the U.S. Supreme Court.

43. On April 29, 2019, President Trump reappointed the current members of the federal fiscal control board by asking the Senate to confirm them, allowing them to complete their current three-year term until August 2019. After August, new board members could be appointed.

44. Serious concern by the public at the appointment process has shed light on the lack of transparency, accountability and vetting that took place during the selection process for the members of the board.[1] Concern about the institutional affiliations and background of board

---

[1] See, e.g., Center for Puerto Rican Studies, *Conflict of Interest Shadows Members of the FOB* (Apr. 15, 2017), https://centropr.hunter.cuny.edu/events-news/puerto-rico-news/fiscal-oversight-board/conflict-interest-shadows-members-fob; Christopher Coursen, *Puerto Rico's Financial Oversight Board's integrity problem*, The Hill (Feb. 14, 2018), https://thehill.com/blogs/congress-blog/politics/373888-puerto-ricos-financial-oversight-boards-integrity-problem; *Protests Erupt in San Juan as Obama Forms Unelected Control Board to Run Puerto Rico*, Democracy Now! (Sept. 1, 2016), https://www.democracynow.org/2016/9/1/protests_erupt_in_san_juan_as.

members prompted Plaintiff Centro de Periodismo Investigativo (CPI) to file a lawsuit seeking

information about possible conflicts of interest among board members and their duties.  See

*Centro de Periodismo Investigativo v. Fin. Oversight & Mgmt. Bd. for Puerto Rico*, No. CV 17-

1743 (JAG), 2018 WL 2094375, at *1 (D.P.R. May 4, 2018) (denying motion to dismiss and

allowing discovery of required disclosures by the board and its members).  Some of the

documents retained by Plaintiff CPI showed a level of federal government undue influence over

the board and its members which was never disclosed to the public.[2]

     45. Concern about the manner of governance, lack of transparency and

accountability, lack of meaningful public participation or comments and overall lack of oversight

of the board's conduct and policies remains a concern for many, including members of Congress,

elected officials in Puerto Rico, community leaders and for Plaintiffs as well.[3]  Given the

upcoming appointment process and on-going calls for transparency, Plaintiffs' request remains

urgently relevant.

---

[2] Centro de Periodismo Investigativo, *Emails Expose Federal Gov't Influence Over Puerto Rico's Fiscal Board* (Nov. 28, 2018), http://periodismoinvestigativo.com/2018/11/emails-expose-federal-govt-influence-over-puerto-ricos-fiscal-board/.

[3] See, e.g., House Natural Resources Committee, Letter to President Trump on Puerto Rico (Nov. 15, 2018), *available at* https://naturalresources.house.gov/imo/media/doc/Nov.%2015%20Letter%20to%20President%20Trump%20on%20Puerto%20Rico.pdf; Bicameral Congressional Letter to FOMB (Dec. 6, 2018), available at https://www.warren.senate.gov/imo/media/doc/Bicameral%20letter%20to%20FOMB.pdf; Mary Williams Walsh, *Transparency of Puerto Rico Bankruptcy Is the Aim of a New Bill*, New York Times (Dec. 19, 2018), https://www.nytimes.com/2018/12/19/business/puerto-rico-bankruptcy-promesa-mckinsey.html; Camilo Montoya-Galvez, *"It is more devastating than many of us realized": Congressional delegation visits Puerto Rico*, CBS News (January 13, 2019), https://www.cbsnews.com/news/congressional-delegation-visits-puerto-rico-today-2019-01-12/.

## CLAIM FOR RELIEF

## COUNT ONE: Violation of the FOIA, 5 U.S.C. § 552

46.     Plaintiffs repeat and incorporate by reference the foregoing paragraphs as if fully set forth herein.

47.     By failing to respond to Plaintiffs' request within the statutorily mandated time period, Defendant has violated its duties under FOIA, *see* 5 U.S.C. § 552 *et seq.*, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

48.     Plaintiffs are being irreparably harmed by Defendant's violation of the FOIA, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

## COUNT TWO: Defendant Treasury Violated FOIA By Failing to Expedite Processing of Plaintiff's FOIA Request After Having Granted Expedition, 5 U.S.C. § 552(a)(6)(E)(iii).

49.     Plaintiff repeats and realleges the allegations in the preceding paragraphs as if set forth herein.

50.     Defendant Treasury failed to expedite the processing of Plaintiffs' request after having granted the request to do so, violated the FOIA, 5 U.S.C. § 552(a)(6)(E)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     order Defendant to immediately produce any and all nonexempt records responsive to the Request that have already been identified and a *Vaughn* index of any responsive records withheld under a claim of exemption;

2.      continue to conduct a search for any and all records responsive to the Request and demonstrate that it employed search methods reasonably likely to lead to discovery of records responsive to the Request;

3.      enjoin Defendant from continuing to withhold any and all nonexempt records responsive to the Request;

4.      order Defendant, upon completion of expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiffs no later than ten days after the Court's order;

5.      enjoin Defendant from assessing fees or costs for the processing of the FOIA Request;

6.      award Plaintiffs their attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

7.      grant any other relief this Court deems appropriate.


Dated: May 15, 2019                Respectfully submitted,

                                    */s/ Natasha Lycia Ora Bannan*
                                    Natasha Lycia Ora Bannan*
                                    LatinoJustice PRLDEF
                                    475 Riverside Drive
                                    Suite 1901
                                    New York, NY 10115
                                    (212) 739-7583
                                    nbannan@latinojustice.org